## Commonwealth ex rel. Meredith, Atty. Gen., v. Amburgey et al.

Feb. 14, 1939.

HUBERT MEREDITH, Attorney General, A. B. COMBS and J. C. BURNETTE for appellant.

T. E. MOORE, JR., C. L. TIGNOR, S. M. ROSENSTEIN and CLIFFORD E. SMITH for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Certificates of election, as members of the Board of Education of Knott County, were issued to W. J. Amburgey, T. C. Campbell and Cleve Combs following the November, 1937, election. Contests were filed by their opponents, who were incumbents of the offices. They

were pending when the time for qualification came on the first Monday in January, 1938. When the apparently successful candidates undertook to assume their offices and duties they were obstructed by the former members and Beckham Combs, County Superintendent, who denied them possession of the records and ignored their efforts to function. Cox and Bates were hold-over members of the Board and they refused to co-operate with the newly elected members. On January 6th those three declared Bates to have vacated his office and chose Mrs. Mallie Morrison in his place. The circuit court rendered judgment on February 22nd that the election of the three candidates was void because of their violation of the Corrupt Practice Act. Kentucky Statutes, Section 1565b-1 et seq. The judgment was superseded and Campbell and Combs perfected an appeal. On March 7th, Amburgey, Campbell and Combs declared Cox to have vacated his office and chose Herbert Bowling in his place. It appears that charges had been preferred against Beckham Combs, as superintendent, and Litton Singleton, as supervisor of schools, and the three newly elected members were preparing to try them.

On March 24th there was filed this suit in the nature of a quo warranto (Section 480 et seq., Civil Code of Practice), by the Attorney General against Amburgey, Campbell and Cleve Combs as usurpers. Disqualifications, other than an invalid election, were also alleged. The defendants were temporarily enjoined from acting as members of the Board and the old body continued to function. The judgment in the contest suit was affirmed by this court on May 3, 1938. Campbell v. Combs, 273 Ky. 404, 116 S. W. (2d) 955. Meanwhile Amburgey had withdrawn by resignation and the other defendants had chosen Alvin Combs in his place. Other suits had been filed by Beckham Combs and members of the other faction opposing the defendants herein to protect their claimed rights, and in those suits temporary injunctions had restrained the defendants. When this suit was submitted for judgment the election contest had been finally determined, and Amburgey, Campbell and Combs had been finally adjudged not to be members of the Board because their election was void. Therefore, the trial court dismissed the petition herein as presenting a moot case. The Attorney General appeals.

The bone of contention is laid before us and the

fight over it continues without either faction turning loose. The remaining question is whether the appellees were entitled to perform the duties of their claimed offices from January 1st to the filing of the mandate in the election contests as de facto officers, and, therefore, whether their acts during that period were valid. They were effectually stopped all around by a series of injunctions, and the only thing they did, so far as this record discloses, was to undertake to oust Bates and Cox as members of the Board and put in Mrs. Morrison and Bowling. Since neither Bates nor Cox is a party to this suit, the impropriety of expressing an opinion in that dispute is apparent.

We think the trial court was correct in dismissing the case as moot.