## Combs et al. v. Risner et al.

March 22, 1940.

John W. Caudill, Judge.

J. C. Burnette for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

As a result of the contested election of three members of the Board of Education of Knott County in

November, 1937, "confusion worse confounded" has prevailed in the personnel of the board and its administration, which of necessity has been hurtful to the schools of that county. We affirmed the judgment of the circuit court invalidating the apparent election of T. C. Combs, Cleve Combs and W. J. Amburgey on account of fraud. Campbell v. Combs, 273 Ky. 404, 116 S. W. (2d) 955. Pending the final determination of the contest, it appears that both the defeated incumbents and the apparently successful candidates, who had qualified for service in the following January, endeavored to function as a majority of the county board of education. The new men declared the two hold-over members, Bates and Cox, to have forfeited their offices by having illegally contracted with the board, and named Bolen and Mrs. Morrison as their successors. During the period, suits and counter-suits were filed and temporary injunctions issued, some of which may have been ignored. The Attorney General filed a suit in the nature of a quo warranto against Amburgey, Campbell and Cleve Combs as usurpers. The circuit court dismissed that proceeding after the final decision of the election contest on the ground that it was a moot case. We affirmed the judgment because Bates and Cox, who were apparently the only persons adversely affected by the actions of the alleged usurpers, were not parties to the suit. Commonwealth ex rel. Meredith v. Amburgey, 276 Ky. 805, 125 S. W. (2d) 725. In November, 1938, Campbell and Combs were elected to the offices and qualified in January, 1939. Confusion continued and complications increased. The County Superintendent of Schools, Beckham Combs, seems to have been the storm center throughout.

This suit was brought by Campbell and Combs, who are conceded to be members of the board since January, 1939, and Alvin Combs, Jake Ritchie and Herbert Bolen, who claim title to the offices by appointment (which may have been or may not have been regular), against Risner, Singleton and J. S. Combs, who claim to have been regularly appointed members, and Beckham Combs, the superintendent. The plaintiffs sought to be adjudged the legal board of education and to have the court declare their rights. The defendants asserted themselves to be the members of the board and superintendent, respectively, and asked that plaintiffs' interfer-

ence be enjoined. It is not necessary that the various charges and counter-charges of the parties as contained in the pleadings or the evidence be recited. The circuit court adjudged that none of the acts of the plaintiffs were legal and that they were not entitled to the relief prayed. He accordingly dismissed their petition. They appeal.

The court sustained exceptions to that part of the deposition of one of the plaintiffs which included the filing as exhibits of copies of orders and records purported to have been made by them while functioning as members of the Board of Education, and ordered that the exhibits be stricken from the record "for all purposes." Those stricken exhibits (or what the appellants claim the documents to be) are included in the transcript before us. The appellees have moved that they be stricken therefrom upon three different grounds.

There is also copied in the transcript a paper, styled "Stipulations," reciting that by agreement of the parties either side could read on the trial as evidence any or all exhibits filed in the suit of the Attorney General against Amburgey et al. The paper shows it to have been signed only by an attorney for the plaintiffs, but the clerk's certificate to the transcript embraces it as being a part of the record. Appellees have moved to strike this paper from the record upon several grounds. Appellants responded with the statement that the stipulation had been agreed to by one of defendants' counsel and that it had been filed in open court, but the clerk had overlooked endorsing it as filed or entering an order to that effect. The appellees' original answer and counterclaim made the entire record in that quo warranto proceeding a part of this suit by reference, but by an amended pleading they withdrew that reference and adoption. Appellants question the withdrawal and upon other grounds oppose the motion. There is another stipulation, contained in the stenographer's transcript, that the testimony of Beckham Combs given in the Attorney General's suit should be regarded as his deposition in this case, following which the witness was subjected to further cross-examination.

We do not find it necessary to pass upon these motions. Should they be overruled the record would yet be lacking. The schedule directed the clerk to prepare a complete transcript, excepting the record in the Attor-

ney General's suit, which it was stated was on file in the Court of Appeals. It was accordingly omitted. Rule III, subsection 15, of this court, is as follows:

"Whenever there has been a prior appeal in any cause in this Court, or whenever a record already in this Court is made part of a record in another cause but is not copied into the transcript, the Clerk of the Court shall place the old record with the new record before the cause is submitted. It shall be the duty of the attorney for appellant to notify the Clerk that the old record is to be placed with the new record, which notification shall be filed with the record, and upon said attorney's failure to give such notice, the appeal may be dismissed."

The rule has not been complied with in any respect, and no part of the record in the Attorney General's suit is before us. Counsel for appellants refer to that record in their brief and rely upon testimony therein as requiring a reversal of the judgment. We have, therefore, an appeal presented on a record from which substantial testimony is absent. It is a general rule of appellate practice that the court will conclusively presume that a missing part of the record supports the judgment. That rule is controlling here.

Wherefore the judgment is affirmed.

Whole court sitting.